Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner and in the Pre-Trial Agreement as
STIPULATIONS
1. On or about 26 August 1993, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Travelers Insurance Company was the workers' compensation insurance carrier on the risk at the time of the injury alleged.
4. Plaintiff gave proper and timely notice of his alleged injury as required by N.C. Gen. Stat. § 97-22 and N.C. Gen. Stat. § 97-24.
5. Eight pages of correspondence and medical notes from plaintiff's treating physicians, collectively marked as Stipulated Exhibit Number One, are stipulated into evidence.
**********
Based upon all of the competent evidence adduced at the hearing before the deputy commissioner, the Full Commission make the following additional
FINDINGS OF FACT
1. On 26 August 1993, plaintiff was employed by defendant-employer as a machine specialist. As a machine specialist for defendant-employer, plaintiff was assigned to assist machine operators and upkeep men by maintaining and adjusting defendant-employer's machines.
2. On said date, plaintiff's average weekly wage was $821.53, which was sufficient to yield the applicable maximum compensation rate of $442.00.
3. On 26 August 1993, plaintiff was assigned to "23 shop", where, as part of the ordinary duties of his position, he undertook to adjust a machine being operated by his co-workers.
4. While making said adjustments, a plunger wrench weighing ten pounds fell off of the top of the machine that plaintiff was adjusting. The wrench fell from a height of 30 inches and struck plaintiff on the interior aspect of his right ankle. As a result of the blow from the falling wrench, plaintiff experienced a sharp pain in his right ankle and a small dime-sized mark, red in color, appeared on plaintiff's right ankle.
5. Plaintiff reported this incident to his supervisor, Larry Roberts, immediately after the incident occurred. Mr. Roberts directed plaintiff to report to defendant-employer's company nurse. When plaintiff presented to defendant-employer's nurse, the nurse referred plaintiff to Dr. Matteson.
6. When plaintiff presented to Dr. Matteson on 26 August 1993, plaintiff's ankle had begun to swell and the area of discoloration had begun to spread. Contrary to Dr. Matteson's directions, plaintiff returned to work the following day. Although plaintiff returned to work, he was not required to resume his usual duties. Rather, plaintiff was permitted to sit in a chair in a foreman's office with his right foot in a elevated position.
7. As a result of the incident on 26 August 1993, plaintiff developed cellulitis which progressed to a venus stasis ulcer on his right ankle. On 29 August 1993, plaintiff was admitted to Duke University Medical Center where he was treated with intravenous antibiotics. Plaintiff was discharged from Duke University Medical Center on 3 September 1993.
8. Prior to 26 August 1993, plaintiff suffered from chronic venous insufficiency in both legs. This preexisting condition contributed to and accelerated plaintiff's development of cellulitis and the subsequent progression to a venus stasis ulcer on plaintiff's right ankle. Prior to 26 August 1993, plaintiff's chronic venous insufficiency was a non-disabling condition.
9. Plaintiff continued to receive treatment for cellulitis and the venous stasis ulcer through 6 December 1993, at which time plaintiff returned to work for defendant employer in his previous capacity earning the same wage as before the 26 August 1993 incident.
10. As a result of said incident, plaintiff was out of work and incapable of earning wages with defendant-employer, or any other employer, from 30 August 1993 through 5 December 1993.
11. As a result of the incident on 26 August 1993, plaintiff has a twenty-five percent permanent partial disability to his right leg.
*********
Based upon the foregoing findings of fact the Full Commission make the following additional
CONCLUSIONS OF LAW
1. On 26 August 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury by accident on 26 August 1993, plaintiff is entitled to temporary total disability compensation at the rate of $442.00 per week from 30 August 1993 through 5 December 1993. N.C. Gen. Stat. § 97-29.
3. As a result of plaintiff's injury by accident on 26 August 1993, plaintiff has a twenty-five percent permanent partial disability of his right leg, for which he is entitled to permanent partial disability compensation at the rate of $442.00 per week, for a period of 50 weeks. N.C. Gen. Stat. § 97-31(15).
4. Plaintiff is entitled to payment of all medical expenses resulting from his injury by accident on 26 August 1993, for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25; N.C. Gen. Stat. § 97-2(19).
********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enter the following
AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the rate of $442.00 per week, from 30 August 1993 through 5 December 1993. Said amount shall be paid in one lump sum, subject to the attorney fee approved in Paragraph 4.
2. Defendants shall pay permanent partial disability compensation to plaintiff for 50 weeks at the rate of $442.00 per week. Said amount shall be paid in one lump sum, subject to the attorney fee approved in Paragraph 4.
3. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his compensable injury on 26 August 1993 for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief and will tend to lessen plaintiff's period of disability.
4. A reasonable attorney fee of twenty percent of the compensation due plaintiff under Paragraphs 1 and 2 of this AWARD is approved for plaintiff's counsel and shall be deducted as follows: twenty percent of the lump sum due plaintiff shall be deducted from said sum and paid directly to plaintiff's counsel.
5. Defendants shall pay the costs due this Commission.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________ J. RANDOLPH WARD COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
BSB:md